**UNPUBLISHED**

UNITED STATES COURT OF APPEALS
FOR THE FOURTH CIRCUIT

**No. 14-4134**

UNITED STATES OF AMERICA,

              Plaintiff - Appellee,

        v.

PEDRO RODRIGUEZ GARCIA,

              Defendant - Appellant.

Appeal from the United States District Court for the District of
Maryland, at Baltimore.  William D. Quarles, Jr., District
Judge.  (1:11-cr-00516-WDQ-1)

Submitted:  January 29, 2015        Decided:  March 27, 2015

Before MOTZ, DIAZ, and FLOYD, Circuit Judges.

Affirmed by unpublished per curiam opinion.

Michael D. Montemarano, MICHAEL D. MONTEMARANO, PA, Columbia,
Maryland, for Appellant.  Gerald A. A. Collins, OFFICE OF THE
UNITED STATES ATTORNEY, Greenbelt, Maryland; Debra Lynn Dwyer,
Assistant United States Attorney, Baltimore, Maryland, for
Appellee.

Unpublished opinions are not binding precedent in this circuit.

PER CURIAM:

Following a bench trial, Pedro Rodriguez Garcia was convicted of conspiracy to commit Hobbs Act robbery and of Hobbs Act robbery, both in violation of 18 U.S.C. § 1951(a) (2012), and using and carrying a firearm during and in relation to a crime of violence, in violation of 18 U.S.C. § 924(c) (2012). Garcia received concurrent sentences of 240 months on the two Hobbs Act convictions and a consecutive mandatory minimum sentence of eighty-four months on the firearm conviction. In accordance with Anders v. California, 386 U.S. 738 (1967), Garcia's counsel has filed a brief certifying that there are no meritorious issues for appeal, but questioning whether the district court erred in denying Garcia's motion to suppress photographic and in-court identifications and whether trial counsel was ineffective when he stipulated to the admission of an autopsy report. Garcia has filed a pro se supplemental brief arguing that the district court erred when it applied a two-level obstruction of justice enhancement and double-counted the victim's death when selecting an appropriate sentence. We affirm.

When considering the denial of a suppression motion, we review the district court's legal conclusions de novo and its factual findings for clear error. United States v. Saunders, 501 F.3d 384, 389 (4th Cir. 2007). A two-step analysis is

2

employed to determine the admissibility of a challenged identification. Id. "First the defendant must show that the photo identification procedure was impermissibly suggestive. Second, if the defendant meets this burden, a court considers whether the identification was nevertheless reliable in the context of all of the circumstances." Id. at 389-90 (footnote omitted). Thus, we may uphold a district court's denial of a motion to suppress identifications if we find the identifications reliable, without determining whether the identification procedure was unduly suggestive. Holdren v. Legursky, 16 F.3d 57, 61 (4th Cir. 1994). In evaluating the reliability of a witness' identification, we consider:

> the opportunity of the witness to view the criminal at the time of the crime, the witness' degree of attention, the accuracy of the witness' prior description of the criminal, the level of certainty demonstrated by the witness at the confrontation, and the length of time between the crime and the confrontation.

Neil v. Biggers, 409 U.S. 188, 199-200 (1972).

The district court did not err when it found the identifications reliable. Garcia's coconspirator had multiple opportunities to familiarize himself with Garcia's appearance — he spent five days casing a robbery target with Garcia, carried out the robbery with him, and traveled to another city with him after the robbery. Furthermore, Garcia's coconspirator testified that he was certain that Garcia was the individual

3

with whom he carried out the robbery. Accordingly, the district court properly denied Garcia's motion to suppress the identifications.

We decline to reach Garcia's claim of ineffective assistance of counsel. Unless an attorney's ineffectiveness conclusively appears on the face of the record, ineffective assistance claims are not addressed on direct appeal. United States v. Benton, 523 F.3d 424, 435 (4th Cir. 2008). Instead, such claims should be raised in a motion brought pursuant to 28 U.S.C. § 2255 (2012), in order to permit adequate development of the record. See United States v. Baptiste, 596 F.3d 214, 216 n.1 (4th Cir. 2010). Because there is no conclusive evidence of ineffective assistance on the face of the record, we conclude that Garcia's claim should be raised, if at all, in a § 2255 motion.

In accordance with Anders, we have reviewed Garcia's pro se claims and the record in this case and have found no meritorious issues for appeal. Therefore, although we grant Garcia's motion to supplement the record, we affirm Garcia's conviction and sentence. This court requires that counsel inform Garcia, in writing, of the right to petition the Supreme Court of the United States for further review. If Garcia requests that a petition be filed, but counsel believes that such a petition would be frivolous, then counsel may move in

4

this court for leave to withdraw from representation.  Counsel's motion must state that a copy thereof was served on Garcia.

We dispense with oral argument because the facts and legal contentions are adequately presented in the materials before this court and argument would not aid the decisional process.

<u>AFFIRMED</u>